UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:13-CR-0028-LRH-VPC |
| v. | |
| MICHAEL STICKLER | ORDER |
| Defendant. | |

Before the court is defendant Michael Stickler's ("Stickler") motion in limine concerning criminal convictions more than ten (10) years old. Doc. #17.[1] The United States has filed a response (Doc. #18) to which Stickler replied (Doc. #19).

**I.    Facts and Background**

In 1992, Stickler was convicted of insufficient funds and sentenced to sixty (60) days in jail and thirty-six (36) months probation. In 1993, he was convicted of grand larceny and sentenced to ten (10) years in prison. He was released from custody in 1996, and discharged from parole in 1999.

On March 5, 2013, Stickler was indicted on twelve (12) charges for willful failure to collect or pay over tax in violation of 26 U.S.C. § 7202. Doc. #1. Thereafter, Stickler filed the present motion in limine to preclude reference to his two prior convictions. Doc. #17.

---

[1] Refers to the court's docket number.

## II. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion–including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the trial judge, and they may be changed in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403. Evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

## III. Discussion

In this motion, Stickler seeks to exclude reference to his prior convictions in 1992 and 1993 from the Government's case in chief. *See* Doc. #17.

In its opposition, the Government agrees with Stickler that the prior convictions would be

2

1  inadmissible in its case in chief. However, the Government argues that even though the prior
2  convictions are more than ten years old, such evidence would be admissible under either Rule
3  608(a) or Rule 609(b)(1) if Stickler's character for truthfulness or law-abidingness became an issue
4  at trial. The court agrees. The court finds that the evidence of the prior convictions for similar
5  charges to what is alleged in the indictment substantially outweighs any prejudicial effect to
6  Stickler if his character became an issue at trial. In the absence of such character testimony, the
7  court finds that the prior convictions would be inadmissible. Therefore, the court shall grant in-part
8  and deny in-part Stickler's motion in accordance with this order.

10  IT IS THEREFORE ORDERED that defendant's motion in limine (Doc. #17) is
11  GRANTED in-part and DENIED in-part as reflected in this Order.
12  IT IS SO ORDERED.
13  DATED this 22nd day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE