1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                              DISTRICT OF NEVADA

8                                                    * * * * *

9     UNITED STATES OF AMERICA                          )
                                                        )
10                                  Plaintiff,          )      3:13-cr-28-LRH-VPC
                                                        )
11    vs.                                               )      ORDER
                                                        )
12    MICHAEL STICKLER                                  )
                                                        )
13                                  Defendant.          )
      ─────────────────────────────────                )

14

15          Before the court is Defendant Michael Stickler's ("Stickler") Motion for Juror

16    Questionnaire. Doc. #45.[1] The government filed an Opposition (Doc. #47), to which Stickler

17    replied (Doc. #50).

18    **I.      Factual and Procedural History**

19          This is a criminal action in which, on May 6, 2014, Stickler was indicted and charged

20    with twelve counts of Willful Failure to Collect or Pay Over Taxes in violation of 26 U.S.C.

21    § 7202 (the "Tax Case"). *See* Doc. #1. Stickler allegedly failed to pay employment taxes to the

22    Internal Revenue Service ("IRS") that he collected from his employees. *See id.*; Doc. #41, p. 2.

23    Trial is set in the Tax Case for September 30, 2014. *See* Doc. #39. Previously, on November 28,

24    2012, Stickler was indicted in a separate criminal case for Theft of Government Monies under 18

25    U.S.C. § 641 (the "Grant Case"). *See* 3:12-cr-120, Doc. #1. On March 24, 2014, Stickler was

26    found guilty in the Grant Case and sentencing in that case is scheduled for September 29, 2014.

27    *See* 3:12-cr-120, Docs. #88, 98.

28    ─────────────────────────

            [1] Refers to the Court's docket number.

1      On January 12, 2011, the daily newspaper serving the Reno-Sparks community, the Reno

2 Gazette-Journal ("RGJ"), first wrote about Stickler in regards to a project Stickler was involved

3 in called Help Build Hope Haiti ("HBHH"). *See* Doc. #31, p. 2-3. Subsequently, the RGJ has

4 published approximately forty (40) articles on Stickler's involvement in the HBHH project and

5 his criminal cases. *See* Doc. #31, p. 2-3. On April 21, 2014, Stickler filed a Motion for Intra-

6 District Transfer (Doc. #31), in which Stickler contended that transfer of the Tax Case was

7 warranted due to pretrial publicity stemming from the Grant Case and RGJ reports. On July 21,

8 2014, this Court filed an Order (Doc. #49) denying Stickler's Motion for Intra-District Transfer.

9 The Court found that there is no actual or presumed prejudice in the Reno-area jury pool arising

10 from media coverage related to Stickler or the charges against him. *See* Doc. #49. Now before

11 the Court is Stickler's Motion for Juror Questionnaire (Doc. #45), which Stickler contends is

12 necessary to ferret out any prejudice in the jury pool.

13 **II.**    **Discussion**

14      "The function of the voir dire is to ferret out prejudices in the venire that threaten the

15 defendant's Sixth Amendment right to a fair and impartial jury." *United States v. Howell*, 231

16 F.3d 615, 627 (9th Cir. 2000) (citing *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991)). Federal

17 Rule of Criminal Procedure 24(a) permits a trial judge to examine prospective jurors, during

18 which the court must allow the defendant and the government to supplement the examination

19 with such further inquiry as the court deems proper. *See Howell*, 231 F.3d at 627 (citing FED. R.

20 CRIM. P. 24(a)). However, "whether to allow supplemental questions proposed by counsel is

21 within the 'sound judicial discretion' of the district court." *Howell,* 231 F.3d at 627 (quoting

22 *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979)). "A district court has

23 considerable discretion to accept or reject proposed questions . . . and as long as it conducts an

24 adequate voir dire, its rejection of a defendant's specific questions is not error." *United States v.*

25 *Giese*, 587 F.2d 1170, 1182-83 (9th Cir. 1979) (citing *United States v. Heck*, 499 F.2d 778, 790

26 (9th Cir. 1974)).

27      Here, consistent with the Court's earlier findings that there is no prejudice stemming from

28 Stickler's pretrial publicity, the Court finds that the proposed juror questionnaire is unnecessary.

2

1    Additionally, the proposed questionnaire contains a number of questions with the apparent

2    purpose of swaying potential jurors to be predisposed to Stickler's position in the case prior to

3    trial. Moreover, a proper voir dire examination will be adequate to identify and address any

4    potential juror bias arising from media coverage related to Stickler or the charges against him. As

5    such, the Court finds that a traditional voir dire examination at the commencement of trial is the

6    preferable means of inquiring into juror qualification in this matter and the instant Motion for

7    Juror Questionnaire shall be denied.

8

9          IT IS HEREBY ORDERED that Stickler's Motion for Juror Questionnaire (Doc. #45) is

10   DENIED.

11         IT IS SO ORDERED.

12         DATED this 4th day of August, 2014.

13

14                                                    _____

15                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              3